IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00851-WDM-CBS

DAVID SALVADOR COTA,
          Applicant,
v.

UNITED STATES PAROLE COMMISSION,
          Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This matter comes before the court on: (1) Mr. Cota's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc. # 21) (filed August 2, 2007) (*see* Order accepting Amended Application (doc. # 20)); and (2) Mr. Cota's "Notification of Respondents' Failure to File Timely Response and Accompanying Motion(s)" (doc. # 30) (filed September 13, 2007) (docketed by the Clerk of the Court as a Motion for Summary Judgment).  Pursuant to the Order of Reference dated August 1, 2007 (doc. # 18) and the memorandum dated September 13, 2007 (doc. # 31), these matters were referred to the Magistrate Judge.  The court has reviewed Mr. Cota's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), Mr. Cota's Motion, Respondent's "Response to Order to Show Cause" (doc. # 29) (filed September 5, 2007), the entire case file, and the applicable law and is sufficiently advised in the premises.

1

I.    Statement of the Case

Mr. Cota is currently in the custody of the Bureau of Prisons in Florence,

Colorado, serving an aggregate 32-year federal prison sentence for his convictions for

robbery of a savings and loan association, use of a dangerous weapon, using and

carrying a firearm during a crime of violence, and escape.  (*See* Petition (doc. # 21) at

p. 1 of 5; Respondent's Exhibits A, B, C (docs. # 29-2, # 29-3, and # 29-4)).  Mr. Cota's

full-term aggregate sentence is scheduled to expire on October 18, 2017.  (*See*

Respondent's Exhibit A (doc. # 29-2) at p. 4 of 4).

Mr. Cota applied for parole and a hearing was held on September 14, 2000.

(*See* Respondent's Exhibit D (doc. # 29-5); 28 C.F.R. § 2.11).  On October 20, 2000,

the United States Parole Commission ("Commission") continued Mr. Cota's sentence to

its expiration based on numerous factors, including his admission to committing 12 bank

robberies, his admission numerous serious misconduct reports while incarcerated, his

prior conviction for voluntary manslaughter, his commission of bank robberies within

one week after his release from the California Department of Corrections, and his

unacceptable institutional adjustment, among other things.  (*See* Respondent's Exhibits

D and E (docs. # 29-5 and # 29-6)).

Mr. Cota received a statutory interim hearing on October 16, 2002.  (*See* 28

C.F.R. § 2.14).  The Examiner determined that Mr. Cota "should be considered a more

serious risk because of his prior criminal record as well as his lengthy history of

misconducts in the institution some of which are for assaultive behavior" and the

Commission ordered no change to the decision to continue Mr. Cota's sentence to its

expiration.  (*See* Respondent's Exhibits F and G (docs. # 29-7 and # 29-8)).  Mr. Cota's

2

appeal to the National Appeals Board was denied.  (*See* Respondent's Exhibits H and I (docs. # 29-9 and # 29-10)).

Mr. Cota received another statutory interim hearing on October 28, 2004.  (*See* 28 C.F.R. § 2.14).  The Examiner determined that Mr. Cota had received numerous disciplinary reports and had not participated in any educational, vocational or counseling programs since his last hearing and the Commission ordered Mr. Cota's sentence continued to its expiration.  (*See* Respondent's Exhibits J and K (docs. # 29-11 and # 29-12)).

After a further interim hearing, on July 6, 2006 the Commission ordered no change to the decision to continue Mr. Cota's sentence to its expiration and ordered a mandatory parole hearing.  (*See* Respondent's Exhibits L and M (docs. # 29-13 and # 29-14); 28 C.F.R. § 2.53).  After the mandatory parole hearing, the Commission concluded that Mr. Cota did not qualify for mandatory parole due to his frequent and serious misconduct during incarceration.  (*See* Respondent's Exhibits N, O, and P (docs. # 29-15, # 29-16, and # 29-17)).

Mr. Cota alleges that the Commission violated his Fifth Amendment rights by failing to release him on April 14, 2007 or notifying him of a change in his release date. (*See* Petition (doc. # 21) at p. 3 of 5).  Specifically, Mr. Cota alleges that he "was informed on December 11, 2006 by U.S. Parole Commission that his release date was April 14, 2007," but he has not been released.  (Petition (doc. # 21) at pp. 2-3 of 5).  He seeks an order for the Bureau of Prisons to release him and for the Commission to conduct a hearing.  (Petition (doc. # 21) at p. 5 of 5).

II.     Standard of Review

A petition for writ of habeas corpus is properly brought pursuant to 28 U.S.C. §
2241 where the petitioner attacks the fact or duration of his confinement and seeks the
remedy of shortened confinement or immediate release.  *McIntosh v. United States
Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997).  *See also Haugh v. Booker*,
210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the
execution of the sentence rather than its validity and must be filed in the district where
the prisoner is confined." (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.
1996)).

"[J]udicial review of Parole Commission determinations is quite limited."  *Fiumara
v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).  The Court of Appeals for the Tenth
Circuit has defined the standard of judicial review of parole commission actions as
"whether the decision is arbitrary and capricious or is an abuse of discretion."  *Dye v.
United States Parole Commission*, 558 F.2d 1376 (10th Cir. 1977).  Thus, a district
court is not to "review the Board's discretion in denying parole or repass on the
credibility of reports received by the Board in making its determination."  *Dye*, 558 F.2d
at 1378.  The court may not "reweigh evidence, make credibility determinations, or
substitute [its] judgment for the Commission's."  *Gometz v. U.S. Parole Commission*,
294 F.3d 1256, 1260 (10th Cir. 2002) (citing *Fiumara*, 889 F.2d at 257).


III.    Analysis

A.      Exhaustion Requirement

"A prisoner challenging a Parole Commission decision is required to exhaust his

4

administrative remedies before seeking habeas relief in federal court under 28 U.S.C. §

2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted).  *See also Brown*

*v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (citing regulations that allowed the

plaintiff to contest the Parole Commission's decisions and concluding that "[t]his

administrative remedy must be utilized before a suit can be brought pursuant to § 2241[

].") (*per curiam*);  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (prior to

seeking habeas relief under § 2241, federal prisoners must exhaust administrative

remedies) (*per curiam*);  *Rosati v. Haran*, 459 F. Supp. 1148 (E.D. N.Y. 1977) (before

obtaining judicial review of a parole commission decision, an inmate must exhaust the

administrative remedies provided by the parole commission).

Respondent contends that Mr. Cota has not exhausted his administrative

appeals.[1]  Mr. Cota responds that he did not exhaust his administrative appeals

because "there is no administrative remedy or appeal process . . . ."  Mr. Cota's

response is untenable.  "The Parole Commission has established an administrative

remedy procedure through which an inmate can seek formal review of any decision to

grant, rescind, deny or revoke parole." *Cruz v. Clark*, 684 F. Supp. 1335, 1337 (E.D.

Va. 1988) (citing 28 C.F.R. § 2.26 (1987)).  The exhaustion doctrine requires that Mr.

Cota present his claims to the National Appeals Board.  Mr. Cota demonstrated his

familiarity with the appeal process by filing an appeal of the Commission's October 28,

---

[1]     Respondent argues that Mr. Cota was required to follow the Bureau of
Prisons' administrative remedy system, codified at 28 C.F.R. §§ 542.10-16.  However,
the Code of Federal Regulations governing parole appears to be the applicable
administrative system for appealing a Parole Commission decision. *See* C.F.R. Title
28, Chapter I, Part 2, Subpart A.

2002 decision with the National Appeals Board. (*See* Respondent's Exhibits G, H and I (docs. # 29-8, # 29-9, and # 29-10)). The Petition is properly dismissed for Mr. Cota's failure to exhaust his administrative remedies.

B.      Merits

As the basis for his Petition, Mr. Cota relies on the notation that "[t]he subject has a mandatory parole date scheduled for February 15, 2007. If he is not released on mandatory parole, his mandatory release date is April 14, 2007." (Respondent's Exhibit N (doc. # 29-15) at p. 2 of 4). Although Mr. Cota was initially eligible for a statutory release on April 14, 2007 (*see* Respondent's Exhibit A (doc. # 29-2) at p. 4 of 4), by his numerous institutional infractions he forfeited 1,319 days of statutory good time. (*See* Respondent's Exhibit Q (doc. # 29-18)). The loss of 1,319 days of statutory good time resulted in Mr. Cota's November 23, 2010 statutory release date.

There is no federal constitutional right to parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Mr. Cota received all the process he was due in the parole context. "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Misasi v. United States Parole Commission*, 835 F.2d 754, 758 (10th Cir.1987). *See also Lewis v. Beeler*, 949 F.2d 325, 331-332 (10th Cir. 1991) ("The appropriate standard of review for the Parole Commission, in contrast, is whether the decision is arbitrary and capricious or is an abuse of discretion.") (internal quotation marks and citations omitted); *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir.

6

1983) (same).  The Commission considered Mr. Cota's likelihood for success on parole in light of the circumstances of his offenses and his extensive criminal and recission behavior while incarcerated.  Mr. Cota does not challenge the loss of statutory good time and the Commission is not the proper Respondent for such a challenge.  The Commission's decision was not arbitrary, capricious, or an abuse of its discretion.

Accordingly, IT IS RECOMMENDED that:

1.      The Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. # 21 (filed August 2, 2007)) be DENIED.

2.      Mr. Cota's "Notification of Respondents' Failure to File Timely Response and Accompanying Motion(s)" (filed September 13, 2007) (doc. # 30) (docketed by the Clerk of the Court as a Motion for Summary Judgment) be DENIED.

3.      This civil action be DISMISSED WITH PREJUDICE.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate

review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of November, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge

8