IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00851-WDM-CBS

DAVID SALVADOR COTA,

    Applicant,

v.

UNITED STATES PAROLE COMMISSION,

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (doc no 32) that Applicant's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc no 21) be denied. Magistrate Judge Shaffer also recommends that Applicant's "Notification of Respondents' Failure to File Timely Response and Accompanying Motion(s)" (doc no 30) be denied. Applicant filed timely objections to the recommendation and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b).

    I have reviewed the pertinent portions of the record, including the Amended Application, Respondent's response, the recommendation, and Applicant's objections. Applicant seeks a writ of habeas corpus on the grounds that he was not released as scheduled. Specifically, Applicant had a statutory parole hearing on or around December 12, 2006. He alleges in his application that on December 11, 2006, he was informed that his release date was April 14, 2007. He seeks an order for the Bureau of Prisons to

release him and for the Parole Commission to conduct a hearing. In his recommendation, Magistrate Judge Shaffer concluded that Applicant did not exhaust his administrative remedies, since he did not appeal the decision of the Parole Commission. In addition, Applicant's case fails on the merits because although Applicant originally had a mandatory release date of April 14, 2007, he was not eligible for statutory release because of numerous infractions and misconduct and loss of good time credits. Therefore, his release date was reset to November 23, 2010.

Applicant's first and fourth objection is that Magistrate Judge Shaffer did not listen to a tape of the parole hearing in which Applicant was allegedly told of his release date. I see no error. There is no indication that any tape or recording was made a part of the record in this matter. In addition, it is undisputed that Applicant was originally eligible for release on April 14, 2007, and so it was not necessary to listen to any recording of the parole hearing. What is at issue is the change in the release date because of the forfeiture of good time credits, which Applicant apparently does not dispute.

Applicant's second objection is that he could not have exhausted his administrative appeals because he did not learn of the Parole Commission's decision resetting his release date until several months after the decision was made. He contends that he first learned of his new parole date in response to an internal grievance dated May 2, 2007. However, Applicant has not argued that he did not receive the Notice of Action dated December 18, 2006 (Exhibit O (doc no 29-16) to government's response), as well as the amended Notice of Action (Exhibit P (doc no 29-17)), which alerted him that he was being denied mandatory parole. Accordingly, this objection is overruled.

Applicant also argues that the Respondent failed to file a timely response. This is incorrect. On August 22, 2007, Magistrate Judge Shaffer issued a minute order (doc no 26) granting the Respondent an extension of time until September 7, 2007 to file a response to the Application. The response was filed September 5, 2007, and was therefore timely. This objection is also overruled.

Applicant's fifth objection is that Magistrate Judge Shaffer erroneously relied on the many previous incident reports of misconduct. Applicant contends that the incident reports were in response to harassment by prison officials and that not even the Parole Commission relied on all of the incident reports. I discern no error. This court's responsibility, as noted by Magistrate Judge Shaffer, is to determine whether there is a "rational basis" for the Commission's conclusions–i.e., to ensure that the Commission's actions are not arbitrary and capricious. *Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003). In particular, it is not the role of the reviewing court to "repass on the credibility of reports received by the Board in making its determination." *Id.* at 892 (citation omitted). Applicant does not deny that his good time credits were revoked. I agree with Magistrate Judge Shaffer that the evidence before the Parole Commission provided a reasonable basis for its decision to deny Applicant mandatory release and to reset his parole date, including Applicant's repeated misconduct while incarcerated and the circumstances of the offenses. If Applicant disputes the incidents underlying the revocation of his good time credits, he must pursue his administrative remedies with the proper authorities.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued November 2, 2007 (doc

no 32), is accepted and Applicant's objections are overruled.

2.  Applicant's Amended Application is denied and this case is dismissed with prejudice.

3.  Applicant's "Notification of Respondents' Failure to File Timely Response and Accompanying Motion(s)" (doc no 30) is denied.

DATED at Denver, Colorado, on January 9, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge